UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JONATHAN BENAMOU,

                Plaintiff,　　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　24-CV-4592 (OEM) (CLP)
      -against-

ADINA MILES,

                Defendant.
------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge.

Plaintiff Jonathan Benamou brings this *pro se* complaint invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1, "Compl.". Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was granted. ECF No. 2. For the reasons discussed below, the Complaint is dismissed, and Plaintiff is granted until September 25, 2024, to file an Amended Complaint.

## BACKGROUND

Plaintiff Jonathan Benamou, a resident of Maryland at the time he commenced the instant action,[1] brings this action under 28 U.S.C. § 1332, asserting state law claims for Intentional Infliction of Emotional Distress and Defamation. Compl. at 2-4. Plaintiff alleges that on February 4, 2024, Adina Miles, a resident of Brooklyn, New York, organized a protest in Kiryas Yoel, New York, where she "spotted me and took out her phone and started recording herself hurling insults at me . . . and stated that I threatened to kill my wife when she was pregnant." *Id.* at 3. "After the

---

[1] On August 5, 2024, the Court ordered Plaintiff to file a letter clarifying his current address because in a previous action filed by Plaintiff (24-CV-2186), the Court's orders were returned as undeliverable when mailed to Plaintiff's listed address in Maryland. By letter dated August 8, 2024, Plaintiff stated that he is "officially a resident of Maryland," but is currently homeless. ECF No. 6. On August 12, 2024, the Court directed Plaintiff to file a letter, *inter alia*, stating when Plaintiff last resided in Maryland, and whether he plans to return there. That same day, Plaintiff filed a declaration, under penalty of perjury, stating that he last lived in Maryland two weeks ago and intends to return to the state. ECF No. 7.

1

protest, Ms. Miles posted the video of herself berating and scolding me on her own Instagram account on February 6, 2024." *Id*. Plaintiff seeks $500,000,000 in money damages and injunctive relief. *Id.* at 5.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). In addition, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks

subject matter jurisdiction, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009).

## DISCUSSION

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019).

Plaintiff does not establish diversity jurisdiction under 28 U.S.C. § 1332 because although there appears to be complete diversity of citizenship among the parties,[2] Plaintiff's allegations must establish a "reasonable probability that the amount-in-controversy requirement is satisfied." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *2 (2d Cir. Jan. 26, 2023) (internal citations omitted); *see also Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff claims that he is entitled to "not less than $500,000,000" but he does not provide a good faith basis for seeking that amount and Plaintiff's claims do not even suggest a 'reasonable probability' that Plaintiff can recover in excess of $75,000 to meet the statutory jurisdictional requirement. *See Turban v. Bar Giacosa Corp.*, No. 19-CV-1138, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) ("the Court

---

[2] *See Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (diversity of citizenship is determined at time action is commenced in cases where diversity is the sole basis for court's jurisdiction).

is not required to presume that bare allegations in the complaint are a good faith representation of the actual amount in controversy.").[3] Therefore, the Court lacks diversity jurisdiction over this matter and Plaintiff's state law claims are dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).[4]

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted until September 25, 2024, to file an Amended Complaint to set forth facts to establish the Court's diversity jurisdiction over his state law claims, including facts to support the amount in controversy.

Plaintiff is directed that the Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and provide a short, plain statement of claim to support his claims against each named defendant and provide facts sufficient to allow each defendant to have a fair

---

[3] To the extent Plaintiff is relying on punitive damages to somehow meet the jurisdictional amount, those punitive damages will be considered with heightened scrutiny. *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law"); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("the Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwanza*, 125 F. App'x at 349)).

[4] Plaintiff's allegations also fail to assert a basis for the exercise of the Court's federal question jurisdiction, which provides federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted); *Moore v. Brooklyn Hosp. Ctr.*, No. 22-CV-04208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022). Here, Plaintiff cannot assert jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims do not arise under federal law or depend on resolution of questions of federal law.

understanding of what the Plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005).

Plaintiff is advised that the Amended Complaint will completely replace the original Complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order: 24-CV-4592 (OEM) (CLP).

Any Amended Complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the Complaint by September 25, 2024, as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

**SO ORDERED.**

_____
ORELIA E. MERCHANT
United States District Judge

Dated: August 26, 2024
      Brooklyn, New York