Robert Garson
GS2Law PLLC
164 West 25th Street, 11th Floor
New York, New York 10001
(212) 380-3623
rg@gs2law.com
Baruch C. Cohen (*pro hac vice* pending)
LAW OFFICE OF BARUCH C. COHEN, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
baruchcohen@baruchcohenesq.com

*Attorneys for Defendant Adina Miles*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN BENAMOU,<br><br>Plaintiff,<br><br>- against-<br><br>ADINA MILES<br><br>Defendant. | Civil Action No. 1:24-cv-04592-OEM-CLP<br><br>**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Adina Miles ("Defendant"), through her litigation counsel Robert Garson of GS2Law PLLC and Baruch Cohen (*pro hac vice* pending), asserts that *pro se* Plaintiff, Jonathan Benamou ("Plaintiff" or "Benamou") will not be able to establish that there has been any infliction of emotional distress or any defamation, especially to a plaintiff who does not have a positive reputation to protect.

**INTRODUCTION & BACKGROUND**

**A. Defendant's Public Role in Opposing *Gett* Abuse.**

Adina Miles ("Defendant") is a prominent Jewish activist and social media influencer,

1

widely recognized through her Instagram platform "Flatbush Girl."

Defendant has garnered significant attention within the Orthodox Jewish community for her tireless advocacy against the increasing problem of *Gett* abuse. In Orthodox Judaism, a *Gett* is a religious divorce document that a husband must willingly provide to his wife to formally dissolve their marriage according to Jewish law. Without receiving a *Gett,* a woman is classified as an *Agunah*—a woman trapped in marital captivity, unable to remarry or move forward with her life within the faith. Defendant's work focuses on raising awareness about the injustices faced by these women, whose suffering is compounded by the refusal of their husbands to grant them a religious divorce, leaving them in a state of prolonged hardship and social isolation.

**B. Defendant's Advocacy Efforts and Plaintiff's Notorious History of Abuse.**

Defendant's advocacy efforts extend beyond mere rhetoric, encompassing a range of proactive measures, including organized public protests, comprehensive awareness campaigns, and direct support for *Agunot*—women who remain trapped in marital captivity due to their husbands' refusal to grant a *Gett*. Defendant has been a vocal and effective advocate for these women, working tirelessly to expose and combat this form of religious and emotional abuse.

Plaintiff, Benamou, is a well-known and notorious *Gett* refuser, whose refusal to grant his wife a religious divorce is only one aspect of his abusive conduct. Plaintiff's behavior includes a documented history of domestic violence, harassment, and intimidation, facts that have been acknowledged by both civil courts and the Orthodox Jewish community. Benamou's pattern of abuse has caused significant harm, not only to his estranged wife but also to the broader community, which has rallied in support of the aggrieved wife.

In answer to the *Amended Complaint for Intentional Infliction of Emotional Distress and Defamation* ("Amended Complaint") [ECF No. 10] of answers the Amended Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and on that basis denies the allegations therein.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and on that basis denies the allegations therein.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and on that basis denies the allegations therein.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint and on that basis denies the allegations therein

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint and on that basis denies the allegations therein.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint and on that basis denies the allegations therein.

7. Defendant admits the allegations set forth in paragraph 7 of the Amended Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint and on that basis denies the allegations therein.

9. Defendant admits the allegations set forth in paragraph 9 of the Amended Complaint

10. Defendant admits the allegations set forth in paragraph 10 of the Amended Complaint

11. Defendant admits the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendant admits that she saw the Plaintiff and took out her phone and started recording herself. Defendant denies any other allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendant admits that she spoke directly to the Plaintiff. Defendant denies any other allegations set forth in paragraph 13 of the Amended Complaint.

14. Defendant admits after the protest, she went on Instagram and posted the video of herself. Defendant denies any other allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 15 of the Complaint and on that basis denies the allegations therein.

## FIRST CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and on that basis denies the allegations therein.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and on that basis denies the allegations therein.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint and on that basis denies the allegations therein.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint and on that basis denies the allegations therein.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and on that basis denies the allegations therein.

## SECOND CAUSE OF ACTION-DEFAMATION

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint and on that basis denies

the allegations therein.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint and on that basis denies the allegations therein.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint and on that basis denies the allegations therein.

24. Defendant denies the allegations set forth in paragraph 24 of the Amended Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint and on that basis denies the allegations therein.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint and on that basis denies the allegations therein.

## COUNTERSTATEMENT OF FACTS

**A. Plaintiff's Extensive History of Domestic Violence and Refusal to Grant a *Gett*.**

1. Plaintiff has earned widespread notoriety as a *Gett* refuser, meaning he continues to withhold the religious divorce his wife requires under Jewish law to remarry and regain her personal autonomy. His refusal to grant a *Gett* is not an isolated decision but a deliberate continuation of his ongoing pattern of coercive control and emotional abuse.

2. This conduct mirrors Plaintiff's well-documented history of harassment,

intimidation, and physical violence against women, including his estranged wife. Plaintiff's actions demonstrate a blatant disregard for both his religious obligations under Jewish law and his legal responsibilities under civil law, further exacerbating the harm inflicted upon his wife. His refusal to comply with these obligations serves as a tool of manipulation and control, prolonging her suffering and preventing her from moving forward with her life.

**B. Arbitration Agreement and Plaintiff's Ongoing Non-Compliance.**

3. On November 22, 2018, Plaintiff entered into a binding arbitration agreement with his estranged wife, in which he explicitly agreed to provide $750 per week to cover her essential living expenses, including sustenance, housing, healthcare, and clothing, until a final ruling could be issued by the rabbinical court.

4. This agreement represented a legal and moral obligation for Plaintiff to support his wife during the pendency of their separation proceedings. However, in a clear continuation of his pattern of evasion and disregard for both civil and religious responsibilities, Plaintiff has willfully failed to fulfill these financial obligations. His continued non-compliance with the terms of the arbitration agreement not only breaches his legal commitments but also further underscores his manipulative behavior and calculated refusal to honor his responsibilities.

5. This conduct demonstrates a broader pattern of bad faith and intentional neglect, depriving his wife of the financial support she is rightfully owed and prolonging her suffering as a result.

**C. Plaintiff's Continued Failure to Fulfill Child Support Obligations.**

6. Plaintiff has demonstrated a consistent and deliberate failure to meet his legally mandated child support obligations, further exacerbating the financial and emotional hardships

endured by his estranged wife and their children. Despite clear legal requirements to provide financial support for the well-being of his children, Plaintiff has willfully neglected these responsibilities, displaying an utter disregard for both the law and the needs of his family.

7. This ongoing failure to provide for his children's basic necessities reflects a broader pattern of contempt for legal obligations and highlights his continued efforts to manipulate and control his family through financial deprivation.

8. Plaintiff's refusal to contribute to his children's welfare not only places an undue burden on his estranged wife but also underscores his lack of concern for the emotional and developmental needs of his children, further demonstrating his callous and irresponsible behavior.

**D. Legal Proceedings and Restraining Orders**.

9. Plaintiff's pattern of abusive conduct transcends the confines of the religious and communal sphere, as evidenced by the involvement of civil courts, further substantiating his violent tendencies. In Montgomery County, Maryland (Case Number: 0601SP062282017), Plaintiff's wife was compelled to seek legal protection through the filing of a restraining order against him.

10. The court, recognizing the gravity of Plaintiff's behavior, issued an order explicitly prohibiting him from contacting, harassing, or approaching his wife at her residence, place of employment, or any location where she might be present. This legal intervention, though later dismissed at the petitioner's request, is a clear indicator of the immediate danger Plaintiff posed to his wife and the necessity of judicial measures to safeguard her well-being.

11. Plaintiff's history of legal entanglements, including this restraining order, serves as undeniable evidence of his abusive behavior, further reinforcing the need for continued vigilance

and legal oversight to protect those at risk from his violent and coercive actions.

**E. Plaintiff's Ostracization from the Orthodox Jewish Community.**

12. Plaintiff's abusive and reprehensible behavior has led to his widespread ostracization from the Orthodox Jewish community, where his actions are viewed as a violation of both religious and ethical standards.

13. As a result, numerous synagogues have formally banned Plaintiff from their congregations, recognizing the danger he poses to women and the broader community. In an effort to protect others, various places of worship have taken the extraordinary step of displaying posters that warn congregants and visitors of Plaintiff's violent conduct.

14. These measures reflect the gravity of his misconduct and the community's collective stance in rejecting such behavior. Testimonies from synagogue members, respected rabbis, and community leaders will further corroborate Plaintiff's well-earned reputation as a serious threat to women, underscoring the strong, unified position of the Orthodox community in condemning his actions and ensuring the safety and well-being of its members.

**F. Witness Testimonies and Compelling Evidence of Plaintiff's Abusive Conduct.**

15. Plaintiff's abusive and manipulative behavior has not only drawn widespread condemnation but has also galvanized the Orthodox Jewish community to rally in support of his estranged wife.

16. Numerous community members, including respected rabbis, synagogue congregants, and leaders, have provided critical testimony that directly corroborates the allegations of Plaintiff's violent tendencies and abusive conduct. These testimonies are supported

9

by sworn affidavits and statements from witnesses who have personally observed or experienced Plaintiff's harmful actions.

17. Additionally, several synagogues have taken the extraordinary step of posting public warnings about Plaintiff, alerting congregants to his dangerous behavior and further reinforcing his well-established reputation as a threat to women.

18. The overwhelming evidence—consisting of witness testimonies, legal affidavits, and public declarations—leaves no doubt as to the validity of the claims against Plaintiff. His history of violence, manipulation, and intimidation is both well-documented and broadly acknowledged within the community, solidifying his standing as a clear danger to those around him.

**G. Harassment and Intimidation by Plaintiff During Kiryas Joel Protest**.

19. Plaintiff's aggressive and unlawful conduct was further exemplified during a protest at Kiryas Joel, where Defendant, along with other activists, exercised their right to peaceful demonstration.

20. Plaintiff targeted Defendant and her fellow protesters with a campaign of harassment and intimidation, displaying his volatile and threatening behavior.

21. As Defendant and the other activists attempted to return to their vehicles, Plaintiff stalked and followed them, escalating tensions through his persistent and menacing actions.

22. In a deliberate act of intimidation, Plaintiff blocked Defendant's vehicle in the parking lot, preventing her from leaving and placing her in a vulnerable and dangerous situation.

23. This behavior not only demonstrates Plaintiff's utter disregard for the law

but also highlights his pattern of aggressive conduct aimed at silencing and intimidating those who advocate against his abusive practices.

24. Plaintiff's actions during this protest are clear evidence of his willingness to employ coercive tactics and threats in an effort to assert control and instill fear, further solidifying his reputation as a dangerous and unpredictable individual.

25. Defendant's actions and statements concerning Plaintiff are firmly rooted in documented facts, legal records, and firsthand witness testimony.

26. Far from being defamatory, these statements are a truthful reflection of Plaintiff's well-documented pattern of abusive conduct, including his refusal to grant his wife a *Gett*—a refusal that perpetuates her suffering and denies her the ability to move forward with her life under Jewish law.

27. Plaintiff's extensive history of harassment, domestic violence, and failure to fulfill both civil and religious obligations further validates Defendant's advocacy efforts on behalf of vulnerable women who have been similarly affected by *Gett* abuse.

28. Defendant remains unwavering in their commitment to exposing and combating this form of religious and emotional abuse, which continues to inflict harm on women within the Orthodox Jewish community.

29. Plaintiff's ongoing manipulation of both his wife and the legal system must be brought to an end, and Defendant's advocacy in this matter serves as a necessary and just response to his reprehensible behavior.

## DEFENDANT'S AFFIRMATIVE FIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and each and every cause of action therein, is barred as against Defendant because the alleged defamatory statements in the Complaint are not defamatory in nature.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and each and every cause of action therein, is barred as against Defendant because the alleged defamatory statements in the Complaint are of public interest, without malice, and to someone with a legitimate interest in the matter.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the claims alleged in the Amended Complaint by reason of his own conduct, representations, admissions, and omissions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as

against Defendant because of the Unclean Hands defense - his hands are unclean - as he himself has committed wrongdoings.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs Amended Complaint, and each and every cause of action therein, is barred as against Defendant because he suffered no damages at the hands of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Plaintiff's alleged damages are speculative.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Plaintiff was at fault in how he conducted his affairs relative to the incidents described in the Complaint. Such fault caused or contributed to the damages complained of in this case. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of Plaintiff in causing or contributing to the damages as alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because people or entities other than this Defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made

in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Plaintiff failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not demonstrated irreparable harm, which is a necessary condition for the granting of preliminary or permanent injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no imminent threat of harm that would justify the issuance of a preliminary or permanent injunction.

## FOURTEENTH AFFIRMATIVE DEFENSE

On 8-5-2024, this Court ordered Plaintiff to provide his correct address, or the Court will dismiss the action. As noted in the Court's docket [ECF No.13[1] and Doc-14[2]], the Court's mail to the Plaintiff was returned as undeliverable. Accordingly, this case is properly dismissed.

---

[1] Memorandum and Order dated August 26, 2024, was sent to pro se Plaintiff, Jonathan Benamou 5201 White Flint Drive Kensington, MD 20895. Envelope marked, "Return to sender- not deliverable as addressed-unable to forward." (JVC) (Entered: 09/25/2024)

[2] Mail Returned as Undeliverable. Order dated September 23, 2024, was sent to pro se Plaintiff, Jonathan Benamou 5201 White Flint Drive Kensington, MD 20895. Envelope marked, "Return to sender-not deliverable as addressed-unable to forward." (JVC) (Entered: 10/09/2024)

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Plaintiff's Amended Complaint is subject to New York's recently amended anti-SLAPP statute. See *Ernst v. Carrigan*, 814 F.3d 116, 117 (2d Cir. 2016), *Mable Assets, LLC v. Rachmanov*, No. 2018-04592, 192 A.D.3d 998, 146 N.Y.S.3d 147, 2021 N.Y. App. Div. LEXIS 1874, 2021 WL 1112893, at *1 (N.Y. App. Div., 2d Dep't, Mar. 24, 2021) (citing L. 1992, ch. 767, § 1), N.Y. Civil Rights Law §§ 70-a & 76-a; N.Y. C.P.L.R. 3211(g) & 3212(h), *Palin v. New York Times Co.*, No. 17-CV-04853 (JSR), 510 F. Supp. 3d 21, 2020 U.S. Dist. LEXIS 243594, 2020 WL 7711593, at *2 (S.D.N.Y. Dec. 29, 2020).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Defendant's behavior does not rise to the level of "outrageous" or "extreme" conduct required for an Intentional Infliction of Emotional Distress (IIED) claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Plaintiff has not suffered severe emotional distress.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's Amended Complaint, and each and every cause of action therein, is barred as against Defendant because Defendant's conduct was a legitimate response to protect others from harm.

Defendant reserve the right to amend her Affirmative Defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays:

1. That this Court denies Plaintiff's Amended Complaint in its entirety;

2. That Plaintiff takes nothing by his Amended Complaint, and the action be dismissed with prejudice;

3. That this Court denies Plaintiff's prayer for general, consequential, and special damages in an amount not less than $500,000.00.

4. That this Court denies Plaintiff's prayer for punitive damages.

5. That this Court denies Plaintiff's prayer for treble damages.

6. That this Court denies Plaintiff's prayer for preliminary and permanent injunctive relief.

7. That this Court enter a judgement in favor of Defendant with respect to all claims in the Amended Complaint.

8. That this Court award Defendant's costs and reasonable attorney's fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and.

9. That this Court award Defendant any further relief as this Court deems just and proper.

DATED:    October 28, 2024

>By: */s/ Robert Garson*
>Robert Garson (RG-1521)
>GS2Law PLLC
>164 West 25th Street, 11th Floor
>New York, New York 10001
>(212) 380-3623
>rg@gs2law.com
>
>LAW OFFICE OF BARUCH C. COHEN
>A Professional Law Corporation
>
>By   /S/ Baruch C. Cohen
>Baruch C. Cohen, Esq. (*pro hac vice pending*)
>
>*Attorneys for Defendant Adina Miles*