Law Office of

# Baruch C. Cohen, Esq.

A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940                      Telephone: (323) 353-9535
Los Angeles, California 90010-3823
Email: baruchcohen@baruchcohenesq.com   bcc4929@gmail.com

March 12, 2026

**<u>VIA ECF</u>**

Magistrate Judge Clay H. Kaminsky
United States District Court
        for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **1:24-cv-04592-OEM-CLP**
       **Jonathan Benamou v. Adina Miles**
       **Request for Pre-Motion Conference re: Anticipated Motion for Summary Judgment**

Dear Judge Kaminsky:

Pursuant to the Court's March 11, 2026 Order, which directs that the parties must request a pre-motion conference before filing any motion, Defendant Adina Miles respectfully submits this letter requesting a pre-motion conference concerning Defendant's anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

The anticipated motion will be based on the undisputed procedural record established through the Court's prior discovery sanctions and Plaintiff's judicial admissions.

**1. The Court Has Already Ordered Plaintiff's Requests for Admission Deemed Admitted**

On October 1, 2025, this Court adopted Magistrate Judge Pollak's September 26, 2025 Amended Report and Recommendation, ordering that Defendant's Requests for Admission Nos. 1–33, 35–55, and 68–125 be deemed admitted as a sanction for Plaintiff's failure to comply with discovery obligations.

Under Federal Rule of Civil Procedure 36(b), matters admitted through Requests for Admission are conclusively established unless the Court permits withdrawal or amendment.

The admissions include, among other things, Plaintiff's admissions that: he possesses no evidence supporting the allegations in the Complaint, he has no evidence that Defendant made defamatory statements, he has no evidence that Defendant caused him injury, and numerous allegations in the Complaint are false. These judicial admissions eliminate the factual basis for Plaintiff's claims.

**2. Plaintiff Is Precluded From Introducing Evidence Supporting His Claims**

In addition to deeming the Requests for Admission admitted, the Court imposed an independent

evidentiary sanction precluding Plaintiff from offering any documents or other tangible evidence in support of his claims or alleged damages. This sanction arose from Plaintiff's repeated failure to comply with discovery obligations and his failure to produce documents responsive to Defendant's discovery requests. Because Plaintiff bears the burden of proof on each element of his claims, the Court's evidentiary preclusion order independently prevents Plaintiff from establishing the elements of his causes of action.

**3. The Combined Effect of the Admissions and Evidentiary Sanctions Eliminates Any Genuine Dispute of Material Fact**

Taken together, the Court's orders create the rare circumstance where a plaintiff: has judicially admitted that he possesses no evidence supporting his claims, and is precluded by court order from introducing evidence to support those claims. Under these circumstances, no genuine dispute of material fact exists, and summary judgment is appropriate under Federal Rule of Civil Procedure 56.

Courts routinely grant summary judgment based on Rule 36 admissions where the admissions establish the absence of evidence supporting the plaintiff's claims. See *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651–52 (2d Cir. 1983); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).

Here, Plaintiff's admissions and the Court's evidentiary sanctions leave Plaintiff unable to establish the essential elements of his claims, including liability and damages. Accordingly, Defendant intends to move for summary judgment dismissing the Complaint with prejudice.

**4. Requested Relief**

Defendant respectfully requests that the Court schedule a pre-motion conference regarding Defendant's anticipated motion for summary judgment. Pursuant to the Court's March 11, 2026 Order, Plaintiff may file a response to this letter within seven (7) days.

**5. Scheduling Request**

For scheduling purposes, Defendant respectfully requests that the Court avoid scheduling the pre-motion conference on the following Jewish holidays, as defense counsel is an Orthodox Jew and observes these holidays in accordance with religious law:

Pesach (Passover – First Days)
Begins at sunset on Wednesday, April 1, 2026
Ends at nightfall on Friday, April 3, 2026

Pesach (Passover – Final Days)
Begins at sunset on Tuesday, April 7, 2026
Ends at nightfall on Thursday, April 9, 2026

Shavuot
Begins at sunset on Thursday, May 21, 2026
Ends at nightfall on Saturday, May 23, 2026

Defendant respectfully requests that any conference be scheduled on dates other than those listed above. Thank you for the Court's consideration.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:      Adina Miles
         Jonathan Benamou, yonibenamou@gmail.com

Page 3 of  3

D:\DATA\DOCS\MILES\BENAMOU\USDC-26.wpd
3/12-12:27pm