**Jonathan Benamou**
5201 White Flint Drive
Kensington, Maryland 20895
yonibenamou@gmail.com
732-929-5671
Plaintiff Pro Se

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

**Jonathan Benamou**,

 Plaintiff,

v.

**Adina Miles**,

 Defendant.

**Case No.: 24-cv-04592 (OEM)**

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION TO WITHDRAW DEEMED ADMISSIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(b)

---

## I. INTRODUCTION

Defendant's motion for summary judgment does not rest on any evidentiary record, testimony, or adjudication on the merits. Instead, it is built almost entirely upon purported "deemed admissions" arising from a brief delay of only a few days in Plaintiff's response to Requests for Admission. Plaintiff did, in fact, serve responses, and in those responses he unequivocally denied the substantive allegations that Defendant now claims are conclusively established. Defendant's motion depends entirely on converting those denials into binding admissions based solely on a minor procedural delay.

That result is not only improper but fundamentally inconsistent with the Federal Rules of Civil Procedure. The admissions at issue—numbering well over one hundred—are being used to assert that Plaintiff has no evidence, suffered no damages, and asserted false claims. When combined with evidentiary preclusion, Defendant's position amounts to the assertion that Plaintiff is categorically incapable of proving any element of his case. In substance, Defendant seeks a dismissal with prejudice without any adjudication on the merits, based entirely on a procedural technicality.

Federal Rule of Civil Procedure 36(b) exists precisely to prevent this type of outcome. Plaintiff denied the allegations, and those denials reflect the reality that this case presents genuine disputes of material fact. Treating those denials as binding admissions would effectively terminate the case without any consideration of the actual facts. For that reason, the deemed admissions must be withdrawn, and Defendant's motion—built entirely upon them—must be denied.

## II. BACKGROUND

Plaintiff filed an Amended Complaint alleging that Defendant engaged in defamatory conduct, including organizing a protest and disseminating false statements that caused significant reputational and economic harm. Defendant served Requests for Admission, and Plaintiff served responses shortly after the deadline, within a matter of days. In those responses, Plaintiff denied the core allegations.

Despite this minimal delay, the Requests for Admission were deemed admitted and evidentiary preclusion was imposed. Defendant now relies exclusively on those admissions to argue that no genuine dispute of material fact exists. At the same time, Defendant has submitted a separate letter attempting to rely on purported admissions from an entirely different action, Benamou v. Miles, 1:25-cv-02532-OEM-CHK, in an effort to alter the procedural posture of this case.

## III. PLAINTIFF'S CROSS-MOTION TO WITHDRAW ADMISSIONS

Rule 36(b) permits withdrawal of admissions where doing so promotes the presentation of the merits and where the opposing party is not prejudiced. Both requirements are plainly satisfied here.

Plaintiff did not admit the allegations at issue. He denied them. Defendant's position depends entirely on treating those denials as binding admissions based solely on a brief delay. Without withdrawal, Plaintiff is deemed to have no evidence, no damages, and no viable claims. These are not findings based on evidence; they are the product of a procedural sanction. Allowing those admissions to stand would resolve the case without any consideration of the underlying facts and in direct contradiction to Plaintiff's substantive responses.

There is no prejudice to Defendant. The delay was only a few days. There has been no loss of evidence, no unavailability of witnesses, and no impairment of Defendant's ability to litigate the

case. The only consequence of withdrawal is that Defendant would be required to prove its position on the merits. That is not prejudice within the meaning of Rule 36(b).

The sanction imposed here is disproportionate. A brief delay has been transformed into more than one hundred binding admissions, eliminating all factual disputes and effectively precluding Plaintiff from presenting his case. Combined with evidentiary preclusion, the sanction operates as a de facto dismissal with prejudice. Such an outcome is reserved for willful or egregious misconduct, not a short delay of a few days. Rule 36(b) exists as a safeguard against precisely this type of result.

## IV. DEFENDANT'S RELIANCE ON A SEPARATE ACTION IS PROCEDURALLY IMPROPER

Defendant's April 30 submission attempts to rely on alleged admissions from a separate case, Benamou v. Miles, 1:25-cv-02532-OEM-CHK. This argument is fundamentally flawed.

Rule 36 expressly provides that admissions are not for use in any other proceeding. Even if such admissions existed—which Plaintiff disputes—they cannot be imported into this case. Each action stands on its own record, and Defendant's attempt to merge two separate proceedings into a single evidentiary framework is procedurally improper.

Moreover, discovery in the 2025 action has been stayed pending resolution of the present motion. Under those circumstances, no obligation to respond could give rise to deemed admissions. Plaintiff has also timely objected to the Requests for Admission in that action,

further undermining Defendant's position. Defendant's argument disregards these procedural realities and attempts to create admissions where none exist.

Even if Defendant's assertions were accepted, they would not be dispositive. The alleged involvement of a third party in drafting filings does not resolve whether defamatory statements were made, whether they were false, or whether damages were suffered. It is irrelevant to the elements of the claims at issue.

---

# V. RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Plaintiff responds to Defendant's Statement of Material Facts as follows:

**1.** Not disputed solely as to the procedural fact that Plaintiff filed an Amended Complaint on August 29, 2024. Plaintiff disputes any implication that the Amended Complaint lacks factual support or that its allegations have been adjudicated false.

**2.** Disputed. Plaintiff denies that Defendant's characterization fairly resolves the factual issues in this case. Plaintiff's allegations concerning the protest and statements attributed to Defendant remain disputed factual issues.

**3.** Disputed. Plaintiff denies that Defendant's characterization of the social media publication issue is undisputed. Plaintiff denied the relevant allegations in his responses, and Defendant relies on deemed admissions rather than evidence.

**4.** Disputed. Plaintiff denies that his claims of reputational harm, emotional distress, and loss of opportunities are unsupported. Defendant's assertion depends on deemed admissions and discovery sanctions, not a merits determination.

**5.** Not disputed that Defendant served discovery demands. Plaintiff disputes any implication that service of discovery demands establishes the truth of Defendant's position.

**6.** Not disputed that the Requests for Admission sought admissions or denials. Plaintiff disputes Defendant's use of those requests as substantive proof.

**7.** Partially disputed. Plaintiff acknowledges that responses were not served by the original deadline, but Plaintiff did serve responses shortly thereafter and denied the core allegations. Plaintiff disputes that a brief delay justifies case-dispositive consequences.

**8.** Not disputed that Defendant sought dismissal and sanctions. Plaintiff disputes the merits and proportionality of Defendant's request.

**9.** Not disputed that Magistrate Judge Pollak issued a Report and Recommendation recommending that certain Requests for Admission be deemed admitted. Plaintiff disputes Defendant's use of that sanction as a substitute for merits adjudication.

**10.** Not disputed that an Amended Report and Recommendation was issued. Plaintiff disputes any implication that the amendment or recommendation decided the truth of Defendant's factual assertions.

**11.** Not disputed that the District Court adopted the Amended Report and Recommendation. Plaintiff disputes Defendant's interpretation that the order resolved the merits of Plaintiff's claims.

**12.** Not disputed that the Court ordered certain Requests for Admission deemed admitted. Plaintiff disputes the use of those deemed admissions as case-ending substantive admissions and moves to withdraw them under Rule 36(b).

**13.** Not disputed that the Court imposed evidentiary preclusion. Plaintiff disputes Defendant's position that the sanction should be treated as automatic dismissal or summary judgment.

**14.** Disputed. This assertion relies entirely on deemed admissions. Plaintiff denied that he lacks evidence supporting his allegations, and Plaintiff moves to withdraw any deemed admission under Rule 36(b).

**15.** Disputed. Plaintiff denies that he lacks evidence that Defendant organized or participated in the protest described in the Amended Complaint. Defendant's assertion rests on deemed admissions, not independent evidence.

**16.** Disputed. Plaintiff denies that he lacks evidence that Defendant recorded or made accusations during the protest. This is a merits issue and should not be resolved solely through deemed admissions.

**17.** Disputed. Plaintiff denies that he lacks evidence that Defendant posted defamatory statements on social media. Defendant's assertion depends on deemed admissions, which Plaintiff seeks to withdraw.

**18.** Disputed. Plaintiff denies that he lacks evidence of reputational harm, emotional distress, or professional harm. Defendant's assertion is not based on a merits determination.

**19.** Disputed. Plaintiff denies that he lacks evidence regarding loss of employment or opportunities. Plaintiff disputes Defendant's reliance on deemed admissions to eliminate damages.

**20.** Disputed. Plaintiff denies that numerous factual allegations in the Amended Complaint are false. Defendant's assertion relies entirely on deemed admissions resulting from a procedural sanction.

**21.** Disputed. Plaintiff denies that he possesses no evidence supporting damages. Plaintiff further disputes that damages can be eliminated through deemed admissions imposed after a brief delay.

**22.** Disputed. Plaintiff denies that his claims are frivolous or brought in bad faith. This assertion is especially improper because it attempts to convert a procedural sanction into a merits finding of bad faith.

**23.** Not disputed as a general statement of Rule 36(b), but Plaintiff emphasizes that Rule 36(b) expressly permits withdrawal or amendment of admissions.

**24.** Disputed as misleading. Plaintiff now expressly seeks withdrawal of the deemed admissions pursuant to Rule 36(b). Defendant's assertion is therefore no longer accurate as a basis for summary judgment.

**25.** Disputed. Plaintiff denies that he cannot establish the essential elements of his claims. Defendant's assertion depends entirely on deemed admissions and evidentiary preclusion, both of which Plaintiff challenges as disproportionate and case-dispositive.

**26.** Not disputed that the Report and Recommendation made findings regarding discovery production. Plaintiff disputes that those discovery findings constitute a determination on the merits of his claims.

**27.** Disputed to the extent Defendant characterizes the Court's discovery findings as a merits determination. Plaintiff disputes that the absence or alleged absence of certain documents proves that no harm occurred.

**28.** Not disputed that the Court recommended deemed admissions and evidentiary preclusion. Plaintiff disputes that those sanctions should be converted into summary judgment without merits review.

**29.** Not disputed that an Amended Report and Recommendation was issued. Plaintiff disputes Defendant's use of that procedural history as dispositive proof.

**30.** Not disputed that the District Court adopted the Report and Recommendation. Plaintiff disputes that adoption of discovery sanctions equals adjudication of Defendant's factual defenses.

**31.** Disputed. Plaintiff disputes Defendant's assertion that the admissions and evidentiary preclusion should remain binding in a manner that disposes of the entire case. Plaintiff moves to withdraw the deemed admissions under Rule 36(b), and the sanction should not be converted into a dismissal with prejudice.

The central point is this: Defendant's "undisputed facts" are not undisputed because of evidence. They are deemed "undisputed" only because Defendant seeks to transform a procedural sanction into a complete merits victory. Plaintiff denied the core allegations in his responses, seeks withdrawal under Rule 36(b), and disputes Defendant's attempt to use discovery sanctions as a substitute for proof.

## VI. DEFENDANT'S LETTER MISCHARACTERIZES THE RECORD AND RELIES ON PROCEDURALLY INVALID PREMISES

Defendant's April 30, 2026 letter reflects a pattern of argumentation that departs from the actual record and seeks to create dispositive consequences through mischaracterization rather than evidence. Most significantly, Defendant asserts that Plaintiff was required to respond to Requests for Admission and that his failure to do so resulted in binding admissions. That assertion is inconsistent with the Court's directive on the record that Plaintiff was not required to respond pending resolution of the summary judgment motion. Defendant's position ignores that directive entirely and instead applies Rule 36 in a mechanical fashion as though no such instruction had been given.

This is not a minor discrepancy. It is a central premise of Defendant's motion. By disregarding the Court's directive, Defendant attempts to manufacture admissions that would not otherwise

exist. The Federal Rules do not operate in isolation from the Court's management of discovery. Where the Court has modified or stayed discovery obligations, the automatic operation of Rule 36 cannot be invoked as if those modifications did not occur.

Defendant's submission further compounds this error by attempting to rely on alleged admissions from a separate case in which discovery has been stayed and in which Plaintiff has filed timely objections. This effort to import purported admissions from another action into this case is not supported by the Federal Rules and reflects a disregard for the procedural boundaries between distinct proceedings.

In addition, Defendant's assertions regarding Plaintiff's pro se status are unsupported by any evidentiary record. Plaintiff unequivocally reaffirms that he is proceeding pro se and has not received assistance from an attorney. Defendant's contrary assertions rely entirely on the same contested admissions discussed above and do not provide a basis for altering the applicable standard or granting summary judgment.

Taken together, Defendant's letter underscores that its position rests not on evidence but on a series of procedural assertions that are either incorrect, inapplicable, or actively disputed. The Court should evaluate the record as it actually exists, rather than as characterized by Defendant.

---

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to withdraw deemed admissions pursuant to Rule 36(b), deny Defendant's motion for summary judgment in its entirety, and grant such other relief as the Court deems just and proper.

---

**Dated:** May 1, 2026

Respectfully submitted,

Jonathan Benamou

 Plaintiff Pro Se

/s/ Jonathan Benamou

---

# DECLARATION OF JONATHAN BENAMOU

I, Jonathan Benamou, declare under penalty of perjury that I am the Plaintiff in this action and am proceeding pro se.

1.  I served responses to the Requests for Admission within a few days of the deadline.

2.  In those responses, I denied the allegations, including claims that I lack evidence, suffered no damages, or asserted false claims.

3.  My delay was brief, not willful, and not intended to gain any advantage. To my knowledge, Defendant suffered no prejudice as a result of this short delay.

4.  The deemed admissions eliminate all factual disputes and effectively prevent me from presenting my case.

5.  In the separate 2025 action, discovery has been stayed and I timely objected to the Requests for Admission.

6.  I have not retained an attorney in this matter and have not received undisclosed attorney assistance .

7.   I respectfully request that the admissions be withdrawn so that this case may be decided on the merits.

I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** May 1,2026

_____

Jonathan Benamou

/s/ Jonathan Benamou