Robert Garson
GS2Law PLLC
164 West 25th Street, 11th Floor
New York, New York 10001
(212) 380-3623
rg@gs2law.com

Baruch C. Cohen (CA SBN 159455)  (*pro hac vice approved 11-5-2024*)
LAW OFFICE OF BARUCH C. COHEN, APLC
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
(323) 353-9535
baruchcohen@baruchcohenesq.com

*Attorneys for Defendant Adina Miles*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN BENAMOU,<br><br>Plaintiff.<br><br>vs.<br><br>ADINA MILES<br><br>Defendant | Civil Action No. 1:24-cv-04592-OEM-CLP<br><br>Assigned to:<br>    Magistrate Judge Clay H. Kaminsky<br>Formerly Assigned to:<br>    Judge Orelia E. Merchant<br><br>**DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 BASED ON JUDICIAL ADMISSIONS AND EVIDENTIARY PRECLUSION** |

Defendant Adina Miles ("**Defendant**"), by and through her undersigned counsel, hereby

replies to Plaintiff Jonathan Benamou's ("**Plaintiff**") Opposition to Defendant's Motion for

Summary Judgment Pursuant to FRCP 56 Based on Judicial Admissions and Evidentiary

Preclusion, because Plaintiff's Opposition fails to rebut Defendant's evidentiary showing with

competent admissible evidence, fails to comply with the requirements of Federal Rule of Civil

5/11-2:54pm

1

Procedure 56 and Local Rule 56.1, improperly attempts to relitigate sanctions orders already adopted and affirmed by the District Court, and ultimately confirms that Plaintiff cannot establish the essential elements of his claims as a matter of law.

For all of the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment in its entirety, dismiss Plaintiff's Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

DATED:      May 11, 2026                          LAW OFFICE OF BARUCH C. COHEN
                                                  A Professional Law Corporation

                                                  By      /s/ Baruch C. Cohen

                                                  Baruch C. Cohen, Esq.
                                                  Attorney for Defendant Adina Miles

5/11-2:54pm                                2

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    PLAINTIFF FAILED TO PRESENT A COMPETENT RULE 56 OPPOSITION

    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    PLAINTIFF CANNOT RELITIGATE SANCTIONS ORDERS ALREADY ADOPTED

        BY THE DISTRICT COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    PLAINTIFF STILL CANNOT ESTABLISH THE ESSENTIAL ELEMENTS OF HIS

        CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    THE COURT MAY RULE NOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

**CASES**

*Celotex Corp., v. Catrett, Administratrix of the Estate of Catrett*, 477 U.S. 317 (1986) . . . . . . . 2

**STATUTES**

Federal Rule of Civil Procedure Rule 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 7

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 56(c)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Local Civil Rule 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Local Civil Rule 56.1(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Local Civil Rule 56.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    **MEMORANDUM OF POINTS & AUTHORITIES**

A.    **INTRODUCTION**

Plaintiff's 5-7-2026 Opposition [Doc-106] does not create a genuine dispute of material fact. It does not rebut Defendant's Motion for Summary Judgment with admissible evidence or any competent evidentiary showing capable of satisfying Federal Rule of Civil Procedure 56. Instead, Plaintiff largely offers argumentative disagreement with sanctions rulings this Court has already entered and the District Court has already affirmed. That distinction is dispositive.

The Court's October 1, 2025 Order adopted Magistrate Judge Pollak's Amended Report and Recommendation in full and conclusively established two critical components of the evidentiary framework governing this case: (1) Defendant's Requests for Admission Nos. 1–33, 35–55, and 68–125 were deemed admitted pursuant to Rule 36; and (2) Plaintiff was precluded from offering documentary or tangible evidence in support of his claims or alleged damages. Those rulings remain binding and operative.

Plaintiff's Opposition does not meaningfully confront the legal effect of those orders. Instead, Plaintiff repeatedly characterizes the sanctions as arising from "a brief delay" or a "procedural technicality," while ignoring the broader discovery history and repeated evidentiary failures that gave rise to the sanctions framework in the first place.

More fundamentally, Plaintiff fails to identify admissible evidence establishing specific facts showing a genuine dispute for trial. Plaintiff provides no competent evidentiary showing capable of controverting Defendant's Rule 56.1 Statement and instead repeatedly responds with formulations such as "Disputed," "Plaintiff denies," or "Plaintiff disputes Defendant's characterization." But argumentative denials are not evidence, and Local Rule 56.1 requires

5/11-2:54pm                                    1

citation to admissible record evidence.

That failure is particularly significant because the Court expressly directed the parties to comply with Local Rules 56.1 and 56.2 in connection with the present motion practice. Despite being afforded until May 28, 2026 to oppose the Motion, Plaintiff filed an expedited Opposition on May 7, 2026 that still fails to satisfy the evidentiary requirements governing summary judgment practice.

Most importantly, Plaintiff never meaningfully addresses the independent effect of the Court's evidentiary preclusion order. Even setting aside the deemed admissions entirely, Plaintiff still remains precluded from introducing documentary or tangible evidence supporting liability or damages. Plaintiff's Opposition attacks the admissions while largely ignoring the separate evidentiary sanction that independently prevents Plaintiff from proving the essential elements of his claims.

The result is unavoidable. Plaintiff has not rebutted Defendant's evidentiary showing with competent proof, created a genuine dispute of material fact, or meaningfully dismantled the dispositive procedural and evidentiary framework already established by prior Court orders. Accordingly, Defendant's Motion for Summary Judgment should be granted in its entirety.

B.     **PLAINTIFF FAILED TO PRESENT A COMPETENT RULE 56 OPPOSITION**

Rule 56 requires the nonmoving party to identify admissible evidence demonstrating the existence of a genuine dispute of material fact. Conclusory denials, unsupported assertions, attorney argument, and disagreement with prior rulings are insufficient to create triable issues. See *Celotex Corp., v. Catrett, Administratrix of the Estate of Catrett*, 477 U.S. 317 (1986) (Rule

5/11-2:54pm

2

56 requires the nonmoving party to "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial"). Plaintiff has not satisfied that standard here. Local Rule 56.1 statements not properly controverted are deemed admitted.

Plaintiff submitted no competent evidentiary showing capable of rebutting Defendant's Motion as required by Federal Rule of Civil Procedure 56(c)(1)(A) and Local Civil Rule 56.1(d). The Opposition contains no meaningful admissible evidence controverting Defendant's Rule 56.1 Statement and instead largely relies upon argumentative objections to the underlying sanctions orders themselves.

That approach is procedurally insufficient. The Second Circuit deems properly supported Rule 56.1 facts admitted where the opposing party fails to specifically controvert them with admissible record citations pursuant to Federal Rule of Civil Procedure 56(c)(1)(A) and Local Civil Rule 56.1(d). Plaintiff's responses do not satisfy that standard.

Nor can Plaintiff avoid the effect of the Court's Rule 36 sanctions by repeatedly asserting that he later "denied" the Requests for Admission. The issue is not whether Plaintiff attempted belated denials. The issue is that the Court already deemed those matters admitted, and those admissions remain binding unless and until withdrawn by Court order.

Most importantly, Plaintiff fails to address the independent effect of the Court's evidentiary preclusion order. Even apart from the deemed admissions, Plaintiff remains precluded from introducing documentary or tangible evidence supporting liability or damages. The Opposition never meaningfully explains how Plaintiff intends to establish publication, falsity, causation, reputational injury, or damages without admissible evidence.

That omission is dispositive. Because Plaintiff has failed to identify admissible evidence

creating a triable issue of material fact or properly controvert Defendant's Rule 56.1 Statement, summary judgment should be entered in Defendant's favor.

<strong>C.    PLAINTIFF CANNOT RELITIGATE SANCTIONS ORDERS ALREADY ADOPTED BY THE DISTRICT COURT</strong>

A substantial portion of Plaintiff's Opposition is devoted not to identifying admissible evidence creating triable issues of fact, but to attacking sanctions orders this Court has already entered and the District Court has already affirmed.

The Court has already determined that: (1) Defendant's Requests for Admission Nos. 1–33, 35–55, and 68–125 are deemed admitted pursuant to Rule 36; and (2) Plaintiff is precluded from introducing documentary or tangible evidence supporting his claims or alleged damages. Those rulings are binding and operative.

Plaintiff repeatedly characterizes the sanctions as "procedural," "disproportionate," or "a technicality," while minimizing the broader discovery history that gave rise to them, including Plaintiff's repeated failure to produce documentary evidence supporting his allegations and damages claims. The present procedural posture is not the result of a single isolated delay. It is the product of repeated discovery failures culminating in sanctions orders adopted by the District Court in full.

Moreover, Plaintiff repeatedly conflates two separate sanctions: deemed admissions under Rule 36 and the Court's independent evidentiary preclusion order. Even assuming arguendo that Plaintiff could revisit the admissions, Plaintiff still remains precluded from introducing documentary or tangible evidence supporting liability or damages.

That omission is dispositive because Defendant's Motion does not rest solely on Rule 36

5/11-2:54pm

4

admissions. It rests on the combined effect of: (a) binding judicial admissions; and (b) Plaintiff's inability to introduce admissible evidence establishing the essential elements of his claims. Plaintiff's Opposition meaningfully addresses neither.

> ### D.    PLAINTIFF STILL CANNOT ESTABLISH THE ESSENTIAL ELEMENTS OF HIS CLAIMS

Plaintiff's Opposition ultimately confirms the central point established in Defendant's Motion: Plaintiff cannot produce admissible evidence establishing the essential elements of his causes of action.

To survive summary judgment, Plaintiff must present competent evidence establishing, at minimum: (1) defamatory statements attributable to Defendant; (2) publication; (3) falsity; (4) causation; (5) reputational injury; and (6) damages. Plaintiff establishes none of these elements through admissible proof.

Critically, Plaintiff never identifies admissible evidence establishing that Defendant published actionable defamatory statements, caused reputational injury, or inflicted economic damages. Nor does Plaintiff identify witnesses, admissible exhibits, sworn testimony, or competent evidentiary materials capable of independently proving his claims.

**That failure is especially fatal because Plaintiff remains subject to the Court's independent evidentiary preclusion order barring documentary or tangible evidence supporting liability or damages**. Even apart from the deemed admissions, Plaintiff still cannot prove his claims because he remains subject to independent evidentiary preclusion.

The Opposition never meaningfully explains how Plaintiff intends to establish publication, reputational harm, emotional distress, causation, or damages while operating under

that evidentiary bar.

Instead, Plaintiff largely offers rhetorical disagreement with the procedural posture of the case. But Rule 56 requires evidence – not disagreement.

This is not a case involving competing admissible evidence or credibility disputes requiring jury resolution. Rather, Plaintiff's admissions remain binding under Rule 36, Plaintiff remains subject to evidentiary preclusion, and Plaintiff still cannot identify admissible evidence establishing the essential elements of his claims. Under these circumstances, no reasonable jury could return a verdict in Plaintiff's favor.

E.    **THE COURT MAY RULE NOW**

Although the Court's April 22, 2026 scheduling order afforded Plaintiff until May 28, 2026 to oppose Defendant's Motion for Summary Judgment, Plaintiff voluntarily elected to file his Opposition on May 7, 2026 – more than three weeks before his deadline expired.[1]

Nothing in the Court's scheduling order requires the Court to delay ruling once the dispositive issues have been fully presented and the evidentiary record establishes that no genuine dispute of material fact exists.

That is particularly true here, where Plaintiff's Opposition confirms that: (1) Plaintiff remains bound by Rule 36 admissions unless and until withdrawn by Court order; (2) Plaintiff remains subject to the Court's independent evidentiary preclusion order; and (3) Plaintiff still

---

[1] The Court may reasonably consider the speed and sophistication with which Plaintiff assembled and filed the Opposition in evaluating Plaintiff's repeated assertions concerning his inability to timely comply with prior discovery and procedural obligations, particularly in light of the Court's prior findings concerning undisclosed third-party assistance in connection with Plaintiff's filings.

cannot identify admissible evidence establishing the essential elements of his claims.

The operative facts are already conclusively established through: (a) binding Rule 36 admissions; (b) the Court's evidentiary preclusion orders; and (c) Plaintiff's continuing inability to produce admissible evidence supporting publication, falsity, causation, reputational injury, or damages.

No additional waiting period alters that reality. Accordingly, the Court may properly grant Defendant's Motion for Summary Judgment now.

## F.    CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment in its entirety, dismiss Plaintiff's Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

DATED:      May 11, 2026               LAW OFFICE OF BARUCH C. COHEN
                                        A Professional Law Corporation

                                        By      /s/ Baruch C. Cohen
                                        Baruch C. Cohen, Esq.
                                        Attorney for Defendant Adina Miles

5/11-2:54pm                                    7